IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01809-RPM

AZIZ EL IDRISSI,

Plaintiff,

v.

DENVER HOTEL MANAGEMENT COMPANY, INC.,

Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, comes now Plaintiff Aziz el Idrissi, by and through his counsel, Gina B. Hardin, of the Law Office of Gina B. Hardin, LLC, and Defendant, Denver Hotel Management Company, Inc., by and through its attorney-of-record, Charles C. Frederiksen of the law firm of Glast, Phillips & Murray, P.C., hereby stipulate and agree as follows, and the Court having been fully advised, hereby orders as follows:

1. This Order shall be applicable to and govern all depositions, documents, things, and information produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial, matters in evidence, and other information or copies thereof which the disclosing party designates as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" hereafter furnished, directly or indirectly, by or on behalf of any Party in connection with this action.

**STIPULATED PROTECTIVE ORDER**
(Brown Palace / Denver Hotel / Idrissi)                                                    Page 1 of 8

2. The term "Party" or "Parties" shall include the following: the above-named Parties to this litigation stipulating herein: All predecessors or successors thereof; all past or present divisions, subsidiaries or affiliates of Defendant, all present directors, officers, employees, agents, or representatives of Defendant, and all employers or contractors of the Defendants. Any third party may produce documents or information in connection with this litigation pursuant to the terms of this Order.

3. Information designated "CONFIDENTIAL" is information which is ordinarily specific and personal in nature, personally private and sensitive information. Such information includes, but is not limited to, information that contains an individual's medical or treatment history, financial information, social security number, or other personal identifier. All materials relating to the afore stated information shall be deemed "CONFIDENTIAL" for purposes of this Order.

4. Information designated as "RESTRICTED CONFIDENTIAL" is information which includes certain trade secrets, financial data of Denver Hotel Management Company, Inc., proprietary information, financial projections, cost and profit information, and past, current, or future business plans of Denver Hotel Management Company, Inc.

5. In designating information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" a party shall make such a designation only as to materials which that Party in good faith believes constitutes such designation. The fact that information may be designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" pursuant to this Order does not create a presumption with regard to the confidential, proprietary, or trade secret nature of such information.

6. With the exception of presentation of evidence at trial or use in depositions, information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

   a. The attorneys working on this action on behalf of any Party, all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

   b. Any person not affiliated with a party who is expressly retained by any attorney to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

   c. Any director, officer, or employee of Defendant who is required to work directly on this litigation, with disclosures only to the extent necessary to perform such work;

   d. Named parties; and

   e. The Court, which shall include court personnel.

7. With the exception of presentation of evidence at trial or use in depositions, information designated as "RESTRICTED CONFIDENTIAL" material may be disclosed only to the following persons:

   a. The attorneys working on this action on behalf of any party, and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such outside counsel;

   b. Any person not affiliated with a party who is expressly retained by any attorney to provide expert testimony in this matter or to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work; and

   c. The Court, which shall include court personnel.

8. This Agreement shall not apply to documents in which the information leading to its designation as CONFIDENTIAL or RESTRICTED CONFIDENTIAL is redacted.

9. CONFIDENTIAL and RESTRICTED CONFIDENTIAL documents, materials, and/or information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistent with the terms of this Order, and, without limitation, in pretrial discovery and at the trial or preparation for trial and any appeal of this action, provided, however, any party may use its own CONFIDENTIAL information and RESTRICTED CONFIDENTIAL information for any purpose whatsoever. The use of CONFIDENTIAL information and RESTRICTED CONFIDENTIAL information at trial or at depositions shall not be deemed a waiver of the protections of this Order, and the parties and their attorneys shall be required to comply with the terms of this Order other than in the presentation of evidence at trial.

10. Any party objecting to the designation of any information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall clearly state the basis for the objection in a written notice to counsel for the party making the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, it shall be the obligation of the party designating the information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL to file an appropriate motion request that the Court determine whether the disputed information should be subject to the terms of this Order. Such motion shall be filed within ten (10) days after the above notice is received. If such a motion is timely filed, the disputed information shall be treated consistent with its CONFIDENTIAL or RESTRICTED CONFIDENTIAL designation until time as the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information designated

as CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall lose its designation as such and such information shall not be subject to the terms of this Order, unless the Court rules otherwise. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL information or RESTRICTED CONFIDENTIAL information.

11. In the case of the documents, interrogatory answers, responses to requests to admit, and information contained therein, designation shall be made by placing the following legend on any such document prior to its production "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" at the time its production, the producing party shall inform the recipient Party promptly after the discovery of such failure. The recipient Party shall thereafter mark the document or information in the manner requested by the producing Party and thereafter treat the document in accordance with such marking. The recipient Party will also inform each individual that received such document or information of the confidentiality status of such a document or information.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL information or RESTRICTED CONFIDENTIAL information, the deposition or portions thereof shall be appropriately designated and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions after transcription, provided written notice of the designation is promptly given to all counsel of records within thirty (30) days after counsel's

receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL or RESTRICTED CONFIDENTIAL information and mail copies of the list to counsel for all parties. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed RESTRICTED CONFIDENTIAL materials. If no such designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered as not containing any CONFIDENTIAL information or RESTRICTED CONFIDENTIAL information.

13. In the event CONFIDENTIAL material or RESTRICTED CONFIDENTIAL material, whether in document or deposition format, is filed with the Court for purposes of motions for summary judgment or other matters, such materials shall be filed under seal with the Court in accordance with D.C.COLO.LCivR 7.2F and shall be accompanied by a Motion to Seal filed in accordance with D.C.COLO.LCivR 7.2C. The envelope in which the sealed materials are filed shall bear the following caption:

> The enclosed documents are filed under seal pursuant to D.C.COLO.LCivR 7.2F and a Stipulated Protective Order entered in Civil Action No. 09-CV-01809-RPM-MJW; *Aziz El Idrissi v. Denver Hotel Management Company, Inc.*. The filing is accompanied by a Motion to Seal filed in accordance with D.C.COLO.LCivR 7.2C. Unless ordered unsealed, the documents contained herein as to be reviewed only by a Judge or Magistrate Judge of this Court or their law clerks, or counsel for the parties in this litigation.

14. In the event CONFIDENTIAL or RESTRICTED CONFIDENTIAL material is used in any court proceeding in connection with this litigation, it shall not lose it's CONFIDENTIAL or RESTRICTED CONFIDENTIAL status through such use, and the Parties shall take all steps necessary to protect its CONFIDENTIAL or RESTRICTED CONFIDENTIAL status during such use.

15. Each individual who receives any CONFIDENTIAL or RESTRICTED CONFIDENTIAL materials in accordance with any provision of this order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

16. This Order shall continue to be binding throughout and after the conclusion of this trial, including any appeal thereof. Upon conclusion of this litigation, any and all copies of the opposing party's CONFIDENTIAL or RESTRICTED CONFIDENTIAL documents shall be returned to opposing counsel, or shall be destroyed by each party's counsel, who shall so certify to opposing counsel. All briefs, pleadings, or other filings with the Court, or attorney work product which incorporates or discloses material covered by this Order may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Order.

17. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the attorney/work product doctrine, and materials that are otherwise beyond the scope of permissible discovery.

18. Nothing in this Order shall be construed as a waiver by a Party of any objections that might be raised as to the admissibility at trial of any evidentiary materials. In addition, nothing in this Order shall preclude the attempt by any Party to introduce relevant and admissible evidence at a hearing or public trial in this action regardless of any designation as CONFIDENTIAL or RESTRICTED CONFIDENTIAL.

19. The terms of this Order may be modified only by written agreement of counsel for the Parties or by further order of the Court.

SO ORDERED THIS 12 day of March 2010

_____
HONORABLE JUDGE PRESIDING

**STIPULATED AND AGREED TO:**

By: _(signature)_
Charles C. Frederiksen

By: _(signature)_ 3/4/10
Gina B. Hardin
Law Office of Gina B. Hardin, LLC
330 W. 31st Ave.
Denver, CO 80211
(303) 525-3076
ginahardin@msn.com